WARREN v. HAYZLETT.

1. **Partnership:** MORTGAGE. Where property belonging to a firm is mortgaged to secure a note executed in the firm name, a partner has a right to insist upon a foreclosure of the mortgage before a personal judgment can be rendered against him upon the note.

2. ———: ———: PRIORITY OF LIEN. In case the party shall pay the note executed by the firm he then becomes subrogated to the rights of the mortgagee and his lien will be prior to that of a mortgage executed upon the same property by a grantee of the firm.

*Appeal from Linn District Court.*

THURSDAY, DECEMBER 14.

ACTION at law in which plaintiff seeks to recover the sum of $860, on seven promissory notes. The defendant answered,

admitting the execution of the notes but averring they were executed by Hayzlett & Clark, of which firm he was a member; that at the time said notes were executed said firm gave the payee therein, one Bargelt, a mortgage on certain real estate described in petition, to secure the payment of said notes, which mortgage was duly filed for record on the 7th day of May, 1857; that afterward, in March, 1870, in consideration of his agreement to pay said notes and mortgage, said firm sold and conveyed said premises to William Hayzlett, and that said William is insolvent; that on the 21st day of March, 1870, said William Hayzlett executed to David Brenizer a mortgage on said premises to secure the payment of $1,600, and in February, 1873, executed another mortgage on said premises to C. B. Bradshaw to secure the payment of the sum of $2,500.

This last mortgage was sold and assigned to plaintiff as cashier of a bank at Tama City, for the use and benefit of the bank; that in 1874, the Brenizer mortgage was foreclosed, the premises sold thereunder to Brenizer for $2,100, who received a certificate of purchase; that afterward plaintiff, as cashier of said bank, paid said Brenizer the amount due him and took an assignment of the certificate of purchase; that the property is worth ten thousand dollars.

Defendant asks to be discharged, and that in case judgment should be rendered against him that he be subrogated to all the rights of Bargelt, and that his lien be declared paramount to the liens of the plaintiff for said bank.

There was a trial to the court, a finding of facts made and judgment dismissing the petition.

*Preston & Son* and *W. H. Stivers*, for appellant.

*Thompson & Davis*, for appellee.

SEEVERS, CH. J.—The court made the following findings of fact:

"In this cause I have found the facts to be: *First.* On and prior to the 24th day of April, 1867, for a long time one

Edmund S. Bargelt was the owner in fee of the land in the defendant's answer described.

"*Second.* That, on or about the day and year last aforesaid, the said Edmund sold and conveyed said real estate to a firm in Mt. Vernon, Linn county, Iowa, then known by the name of Hayzlett & Clark, and that this defendant was the Hayzlett mentioned in said firm as a partner thereof.

"*Third.* That said Hayzlett & Clark executed and delivered to said Edmund S. Bargelt their seven several promissory notes of $100 each, as the consideration for said land, and at the same time executed and delivered a mortgage to said Bargelt as security therefor, and that said seven promissory notes are the identical notes on which this suit is brought.

"*Fourth.* That afterward the said Hayzlett & Clark sold and conveyed said land to one Wm. Hayzlett for the sum of $700, which he agreed with Hayzlett & Clark to pay, by paying and extinguishing the notes, with interest thereon, executed to said Bargelt, as aforesaid.

"*Fifth.* That afterward the said William Hayzlett put permanent improvements on said lots to the value of $8,000, or thereabouts, and said lots with improvements are now of the value of about $8,000.

"*Sixth.* That thereafter the said William Hayzlett executed and delivered to one David Brenizer a mortgage on said lot, on the 21st day of March, 1870, to secure the sum of $1,600 to said Brenizer.

"*Seventh.* That thereafter, on the 15th day of February, 1873, said Hayzlett and wife executed a mortgage on said premises to O. B. Bradshaw to secure the payment of $2,500.

"*Eighth.* That each and every one of the foregoing mortgages were duly filed for record in the recorder's office of Linn county, in the order of their execution, the last one to Bradshaw on the 27th of February, 1873.

"*Ninth.* That at the October term, 1874, of the District Court of Linn county, the mortgage to Brenizer was foreclosed, and a judgment and decree rendered, and thereafter in the month of November, 1874, the sheriff of said county, by virtue of a special execution issued on said judgments, sold

said property to Brenizer for $2,100 and executed a certificate of purchase.

"*Tenth.* That on or about September 1st, 1875, the plaintiff in this action purchased from said Brenizer said certificate of sale, or as a junior incumbrancer of said property by virtue of having purchased the Bradshaw mortgage of $2,500, redeemed from said sale to Brenizer, and received from the sheriff of Linn county a deed for said property at the expiration of one year from the day of sale.

"*Eleventh.* That after said sheriff's sale, and after the assignment of said sheriff's certificate of sale to plaintiff by Brenizer, the plaintiff became the owner and holder of the notes executed by Hayzlett & Clark to Edmund S. Bargelt by assignment from Bargelt, and he is now the holder thereof, and has brought this suit thereon.

"*Twelfth.* That, before he received the assignment of said certificate of sale from Brenizer and notes from Bargelt, the plaintiff became by assignment from C. B. Bradshaw the legal holder of the mortgage executed by William Hayzlett to Bradshaw as aforesaid.

"*Thirteenth.* That said plaintiff holds all of said notes and mortgages and the legal title to said lands in his own name, but in fact as trustee of and for a bank in Tama City, Iowa, of which he is and was an employe."

The notes sued on were executed by the firm of Hayzlett & Clark, and they executed a mortgage on partnership property to secure the indebtedness. Under the facts found by the court, the defendant has the right to have the firm property applied to the payment of partnership indebtedness.

1. PARTNER-
SHIP: mort-
gage.

If Bargelt had brought suit on the notes, the defendant could, by cross-petition, have set up the facts and compelled a foreclosure of the mortgage, either for the benefit of Bargelt or himself, and he would have been entitled to be subrogated to all the rights of Bargelt in case he was compelled to pay the indebtedness.

The plaintiff has no better or superior rights than Bargelt,

and as the plaintiff is the holder of the legal title obtained 2. ——: ——: through a sale under one of the junior incumbrances, the defendant has the right to have the mortgage foreclosed and the premises sold, or be subrogated to the rights of the plaintiff in case he pays the indebtedness.

*priority of lien.*

The mortgage executed by Hayzlett & Clark constitutes the superior lien on the premises, and the legal title held by plaintiff and the lien of the Bradshaw mortgage held by him is junior thereto.

The plaintiff is the holder of both the legal title and the Bargelt mortgage. If it under any possible view could be to the interest of the plaintiff to enforce the payment of the mortgage by a foreclosure and sale of the mortgage premises, we incline to think he could insist on having it done. But as the mortgage debt does not exceed at most twelve hundred dollars, and the property is of the value of eight thousand dollars, we are clearly of the opinion that it is not to the interest of the plaintiff to have a foreclosure and sale. In the event only that the premises should not bring at a sale an amount sufficient to satisfy the mortgage, would it be to the interest of the plaintiff to have a foreclosure and sale, and it is not at all probable such a thing could happen.

The judgment of the District Court must be

AFFIRMED.